O’Neall, J.
delivered the opinion of the Court.
This Court is satisfied with the ruling of the Judge below, on all the points made in the case, and generally for the reasons which he has given.
The only matter on which it seems to be necessary to expand his views, is in reference to the statute of limitations.
The case of King v. Smith is full to the point, that possessions short of the statutory period cannot be linked together, so as to make out time enough to complete the bar of the statute, in an action for the recovery of land. I know no reason why there should be a difference in relation to.person-cilty. It is true, a difference between personal and reaTestate has been recognised, as to the protection which the infancy of some of the parties gives to the others. But I regret that such a distinction was ever made. True policy requires that there should be no difference between real and personal estate. This is especially the case in this State, where personal property is often so much more valuable than land. Indeed every day’s experience satisfies me, that land and slaves should be placed upon the same footing, in every respect.
But our statute places the matter, when its words are attended to, out of dispute. The action of trover is to be brought “ within four years next after the cause of such action, or suit, and not after.” The plea is “ actio non accrevit infra quatuor annos.” When did the plaintiff have cause of action against the defendants 1 — -Certainly not until he demanded from them the slaves, or they had used or sold them. If he had sued them, and relied upon the conversion by Dollar, in the sale of them, he would have been nonsuited. For Dollar’s conversion would not have been their’s. This is decisive of the question, when did the statute begin to run ? Again, suppose Dollar had converted the slaves one year before he sola to defendant, that gave him no title, and his conveyance could not confer any title to the defendants. They stood in relation to the plaintiff, and his property thus coming into their possession, as mere tort feasors, without title. There is therefore no possible mode by which they can be benefitted by Dollar’s possession, after he had informed the plaintiff that he claimed against, and not under him.
*337 It is possible, and even probable, if Dollar had retained possession four years after such notice, that the statute would have protected him; and then, if he had sold to the defendants, his possession would have protected them. For then it would have been title — a title conferred by law from the lapse of time: — and to have the benefit of it, it, would not have been necessary for the defendants to plead the statute. It could have been given in evidence under the general issue. The motion for a new trial is dismissed.
The whole Court concurred.

Motion refused.